O’BRIEN, Circuit Judge,
dissenting.
I dissent. The law is clearly contrary to Young’s arguments. He failed in the district court to state a claim upon which relief could be granted, even after having been given an opportunity to amend his complaint. Young sued the United States under the Federal Tort Claim Act (FTCA) for lost property and continuous harass *684 ment of him (administrative detentions and cell searches) by corrections officials. He also asserted claims against the United States for violation of his Fourth, Eighth, and Fourteenth amendment rights. The magistrate judge recommend dismissal of his FTCA property claims because 28 U.S.C. § 2680(c) bars them and dismissal of the FTCA harassments claims because his tort claim, which made property claims, utterly failed to include harassment claims, a jurisdictional prerequisite. His constitutional claims were dismissed because they are not cognizable under the FTCA, F.D.I.C. v. Meyer, 510 U.S. 471, 477-78, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994), and because the United States has not waived its sovereign immunity under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Young sought to again amend[1] to assert claims against individual custodial officers. His request was denied as futile because he had not exhausted his administrative remedies against those actors as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). The recommendations of the magistrate judge’s were adopted by the district court and the case was dismissed with prejudice. The majority concludes, and I agree, that the legal analysis was entirely correct. The majority points out that a dismissal for failure to exhaust administrative remedies should be without prejudice, but that principle has not been, and should not be, extended to unexhausted claims against non-parties.
This is obviously a frivolous appeal. As such, dismissal is required. 28 U.S.C. § 1915(e)(2)(B)(ii). Not only is it frivolous, it is offensive. Young occupied much time and effort in the district court pursuing claims for which relief could not be granted, all of which involved property valued at less than $55.00 and unexhausted confinement complaints — precisely the kind of minutia that spurred Congress to enact remedial measures in an attempt, hereby frustrated, to curb frivolous prisoner litigation. Young continues his abuse of the system; in pursuing this appeal he merely chants his mantra of mistreatment without offering any meaningful argument as to how the district court erred. This case cries out for dismissal and imposition of a frivolous filing strike.
Another, similar, issue compounds the error. The district court denied leave to proceed on appeal in forma pauperis, concluding the appeal could not be taken in good faith and stating in writing that Young has not shown the existence of a reasoned, non-frivolous argument on the laws and facts. 28 U.S.C. § 1915(a)(3); Fed. R.App. P. 24. I agree with the district judge. Full payment of the filing fee should have been required before we addressed this appeal in any fashion.

. The matter was before the court on Young’s amended complaint.